# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LAVONDA LAMPKIN, ) | CIVIL ACTION NO. 2:15-1462-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| EMPLOYMENT SERVICES, INC., ) | |
| d/b/a Centura College, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff asserting civil rights claims against the Defendant. The Defendant has filed a motion to dismiss Plaintiff's Complaint based on improper venue pursuant to Fed.R.Civ.P. 12(b)(3), due to the forum-selection clause contained in two Employment Agreements between the Plaintiff and Defendant. Defendant asserts that it is entitled to dismissal of this action because Plaintiff was required by these Agreements to bring this action, if at all, in state Circuit Court in Virginia Beach, Virginia. Plaintiff has filed a memorandum in opposition to the Defendant's motion, to which the Defendant has filed a reply. Defendant's motion is now before the Court for disposition.[1]

The Plaintiff is a former employee of the Defendant who was terminated. In this

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



lawsuit, Plaintiff raises federal claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. It is undisputed that during Plaintiff's tenure with the Defendant, she and the Defendant entered into two written Employment Agreements (on August 31, 2009 and December 17, 2010, respectively), which contain the same forum- selection clause. See Donahoe Affidavit and Attachments.[2] This forum-selection clause states,

> Employee hereby irrevocably submits to the jurisdiction of the Circuit Court of the City of Virginia Beach, Virginia, in any action or proceeding arising out of, or relating to this Agreement, and Employee hereby irrevocably agrees that all claims in respect of any such action or proceeding shall be heard and determined in such Court.

Id.

Plaintiff contends that she is not required to file her case in Virginia because this forum-selection clause is not applicable to her claims in this lawsuit, as well as that the forum-selection clause is itself unreasonable and therefore unenforceable.

Prior to reaching the issue of whether the forum-selection clause is unreasonable, the undersigned has first examined Plaintiff's initial argument; i.e., whether the forum-selection clause is even applicable to her claims. As part of deciding this question, it must be determined whether the clause is mandatory or permissive. Albemarle Corp. v. Astrazeneca UK Ltd., No. 08-1085, 2009 WL 902348 at * 3 (D.S.C. Mar. 31, 2009)["Before a court can assess whether a forum-selection

---

[2]This Court can consider this material without converting Defendant's motion to a Rule 56 motion for summary judgment. Construction Resource Group, Inc. v. General Technologies, Inc., No. 13-1695, 2013 WL 6284003 at * 2 (D.S.C. Dec. 4, 2013) ["A motion to dismiss for improper venue is brought pursuant to Fed.R.Civ.P. 12 (b)(3). 'Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be freely consider[ed] in ruling on a 12(b)(3) motion.'" (citing Am. Ins. Mkting. Corp. v. 5 Star Life Ins. Co., No. 13-0560, 2013 WL 3895039 at * 2 (D.Md. July 26, 2013) (quoting Sucampo Pharms. Inc., v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006))].



clause is 'unreasonable,' it must determine whether the clause is selective (i.e. mandatory) or permissive (i.e. nonmandatory)."); cf. VS Technologies, LLC v. Twitter, Inc., No. 11-43, 2011 WL 11074291 at \*\*2-4 (E.D.Va. June 28, 2011). "Permissive forum-selection clauses . . .authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum-selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Rivera v. Centro Me'dico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009)(second alteration in original)(quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998))(internal quotation marks omitted). The clause at issue here is clearly a mandatory forum-selection clause, as the cited language expressly sets forth that *all* claims covered by the Employment Agreements "shall be heard and determined" by the Circuit Court of the City of Virginia Beach.

However, even though mandatory by its terms, Plaintiff's causes of action must still be within the scope of the mandatory forum-selection provision for these clauses to be applicable to this case. Varnadore v, Nationwide Mutual Ins. Co., No. 13-1777, 2013 WL 4505770 at \* 4 (D.S.C. Aug. 22, 2013)[discussing whether claim falls within the scope of the forum-selection clause]. While Defendant contends that this clause does apply to the federal employment claims being asserted in this case, Plaintiff argues that the written Agreements at issue (and in which the clauses are contained) concern only information protection and non-compete requirements, and that the forum-selection provision in these Agreements is therefore not applicable to her federal claims of race discrimination and retaliation. The undersigned is constrained to agree with the Plaintiff in this case, as a review of the text of the Agreements confirms that they are limited to non-disclosure of company information by employees and non-compete issues. See Court Docket Nos. 6-2, pp. 4-7.



Both Agreements also contain the following clause in paragraph 9:

> The restrictive covenants of Employee set forth herein are of the *essence* of this Agreement; they shall be construed as independent of any other provision in this Agreement; and the existence of any claim or cause of action of the Employee against EMPLOYER, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by EMPLOYER of the restrictive covenants contained herein.  EMPLOYER shall at all times maintain the right to seek enforcement of these provisions whether or not EMPLOYER has previously refrained from seeking enforcement of any such provision as to Employee or any other individual who has signed an agreement with similar provision.

See Court Docket Nos. 6-2, pp. 5, 7  [Emphasis Added].

This paragraph makes clear that the restrictive covenants at issue, which concern non-disclosure and non-compete requirements placed on employees, are the "essence of this Agreement".  Close examination of the Agreements further confirms that other terms and conditions of Plaintiff's employment are not addressed in the Agreements, including being completely devoid of any reference to discrimination claims.

While Defendant argues that the language in the forum-selection clauses stating that they apply to "any action or proceeding arising out of, or relating to, this Agreement" is referring to *any* action related to Plaintiff's employment, that is not what the Agreements themselves say.  Rather, the Agreements are by their very terms restricted to the specific areas of employment (non-compete and non-disclosure requirements) discussed herein.  See also, ¶ 8(b) [Noting, inter alia, that "non-competition, non-disclosure, and non-solicitation" are the areas covered by the Agreements].  As such, the undersigned does not find that Plaintiff's federal employment claims arise out of or relate to the covenants set forth in the Agreements, and which both Agreements state are the *essence* of the Agreements.  Therefore, Plaintiff's claims in this lawsuit are not barred by the forum-selection clauses relating to these covenants.



Finally, while Plaintiff makes additional arguments pertaining to the unreasonableness of these forum-selection clauses,[3] since the undersigned finds that these forum-selection clauses are not applicable to the causes of actions being asserted in this lawsuit, the issue of whether these clauses are otherwise unreasonable has not been addressed.

## Conclusion

Based on the foregoing, it is **recommended** that the Defendant's motion to dismiss Plaintiff's discrimination and retaliation claims asserted under Title VII and § 1981 be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 11, 2015
Charleston, South Carolina

---

[3] Plaintiff makes numerous arguments about the fairness of these clauses, including, but not limited to, her inability to even bring her federal claims in a federal forum if the forum-selection clauses were to be enforced.

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

